IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOWARD HUGHES MEDICAL INSTITUTE, | : |
| Plaintiff, | : |
| | : Civil Action No. 07-420 |
| v. | : |
| FACTORY MUTUAL INSURANCE COMPANY, | : |
| Defendant. | : |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT

Defendant, Factory Mutual Insurance Company (hereinafter "FMIC") hereby responds to the correspondingly numbered paragraphs of Plaintiff's Complaint as follows:

### NATURE OF THE ACTION

1. Denied as stated. It is admitted only that FMIC issued to Plaintiff, Howard Hughes Medical Institute (hereinafter "HHMI") Policy No. LP591 with effective dates April 1, 2005 to April 1, 2006 (hereinafter the "Policy").

2. Denied as stated. It is admitted only that Plaintiff suffered a fire loss at its Janelia Farm Research Campus, Ashburn, Virginia on or about February 5, 2006 and that the loss was reported to FMIC.

3. Denied. It is admitted only that FMIC has made payments to HHMI totaling $3,558,579, the full measure of the loss covered by the Policy.

4. Denied. FMIC has reimbursed HHMI for all of its losses sustained as a result of the fire under the terms of the Policy.

5. Denied as stated. It is admitted only that Plaintiff's Complaint seeks the recovery of additional sums which HHMI alleges to be payable under the Policy.

6. Admitted.

7. Admitted.

8. Denied. As set forth in the Counterclaim of FMIC, prior to the institution of suit FMIC demanded appraisal pursuant to the terms and conditions of the Policy. The remaining averments of Paragraph 8 are denied. In addition, HHMI has failed to produce documents for examination at the request of FMIC in support of its claim, including those related to the scope of the repair work and quotations and invoices associated with the work of subcontractors.

9. Denied. After reasonable investigation, FMIC is without knowledge or information sufficient to form a belief as to the averments of Paragraph 9 and therefore denies same and demands proof thereof at trial.

10. Admitted.

11-12. Denied. FMIC filed a Notice of Removal, removing this matter to the District Court of Delaware. Further, neither the Delaware State Court nor the District Court of Delaware is the appropriate venue for this matter.

13-17. Denied as stated. The Policy, being a writing, speaks for itself.

18. Denied for the reasons set forth in answer to Paragraph 8 above.

19-21. Denied. After reasonable investigation, FMIC is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraphs 19-21 of HHMI's Complaint and therefore denies same and demands proof thereof at trial.

22. Denied. The Policy, being a writing, speaks for itself.

23. Denied as stated. It is admitted only that the Studio Building at the Janelia Farm complex was damaged by fire on February 5, 2006 and that construction on the building was not complete at the time of the fire.

#1208760 v1
106330-59824

24. Denied as stated. It is admitted that the notice of the loss was given timely.

25. Denied. It is admitted only that a company called Aon Claims Consulting assisted HHMI after the fire.

26-27. Denied as stated. It is admitted that Gilbane Building Company ("Gilbane") assisted FMIC in reviewing documents submitted to it after the fire. It is denied that all of the relevant information requested by FMIC and/or Gilbane was provided by HHMI or its representatives.

28-31. Denied. FMIC, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraphs 28-31 and therefore denies same and demands proof thereof at trial.

32-33. Denied. To the contrary, FMIC was not advised of the lump sum agreement with Turner Construction Company until after that agreement had been finalized. By way of further answer, FMIC, upon learning of the lump sum agreement with Turner Construction Company immediately advised HHMI that it did not agree with the scope of and cost of the proposed repairs.

34-35. Denied. FMIC, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 34 and therefore denies same and demands proof thereof at trial.

36. Denied. FMIC, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 36 and therefore denies same and demands proof thereof at trial. By way of further answer, at no time did FMIC express its agreement with the lump sum proposal nor did it ever receive all of the supporting documentation for, inter alia, subcontractor work as requested by it.

#1208760 v1
106330-59824

37. Denied. To the contrary, FMIC was never presented with all of the claim documentation requested by it. By way of further answer, FMIC has paid to HHMI the sum of $3,558,579, the full amount required to restore the building to its pre-fire condition pursuant to the terms and conditions of the Policy.

38. Denied. By way of further answer, FMIC has paid to HHMI $3,558,579, the full and final payment of all amounts due under the Policy as a result of the fire to restore the building to its pre-fire condition.

39. Denied. By way of further answer, FMIC has paid to HHMI $3,558,579, the full and final payment of all amounts due under the Policy as a result of the fire to restore the building to its pre-fire condition.

40. Denied. There are no further monies due under the Policy to HHMI as a result of the fire.

41. Denied as stated. It is admitted only that HHMI submitted to FMIC a sworn statement in proof of loss. The proof of loss was rejected by FMIC by letter dated June 4, 2007. By way of further answer, FMIC has paid to HHMI the full amount of damages to which it is entitled under the terms and conditions of the Policy as a result of the fire.

42. Denied for the reasons set forth in Paragraph 41 above.

43. Denied.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

44. FMIC incorporates by reference its answers to Paragraphs 1 through 43 above as though fully set forth herein.

#1208760 v1
106330-59824

45-48. Denied. By way of further answer, FMIC has paid to HHMI $3,558,579, the full and final payment of all amounts due under the Policy as a result of the fire to restore the building to its pre-fire condition.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment)

49. FMIC incorporates by reference its answers to Paragraphs 1 through 48 above as though fully set forth herein.

50-52. Denied. By way of further answer, FMIC has paid to HHMI $3,558,579, the full and final payment of all amounts due under the Policy as a result of the fire to restore the building to its pre-fire condition.

WHEREFORE,

1. Factory Mutual Insurance Company prays that Plaintiff's First Cause of Action for Breach of Contract be dismissed, with prejudice and that it may have such other and further relief as may be just and appropriate;

2. That Plaintiff's Second Cause of Action for Declaratory Judgment be dismissed, with prejudice as there are no additional monies owed to HHMI under the terms and conditions of the Policy as a result of the fire or otherwise;

3. That Plaintiff's request for attorneys fees and costs; pre-judgment and post-judgment interest and other relief be dismissed, with prejudice.

## AFFIRMATIVE DEFENSES

1. HHMI has failed to state a claim against FMIC upon which relief can be granted.

2. HHMI has failed to state a claim under the Policy upon which relief can be granted.

3. The claims of HHMI are barred by the terms and conditions of the Policy.

#1208760 v1
106330-59824

4. FMIC has paid to HHMI all monies to which it is entitled under the terms and conditions of the Policy arising out of the fire loss of February 5, 2006.

5. The lump sum agreement between HHMI and Turner Construction Company did not merely restore the Studio Building to the condition it was in immediately prior to the fire but, rather, resulted in the construction of portions of the building that had not been constructed prior to February 5, 2006 and, therefore, were not part of the fire damage. FMIC is only obligated by the terms and conditions of the Policy to restore the building to its pre-fire condition.

6. HHMI breached that Section of the Policy entitled 4. LOSS CONDITIONS, A. REQUIREMENTS IN CASE OF LOSS which provides as follows:

> The insured will:
>
> \*       \*       \*
>
> 6) further, the Insured, will as often as may be reasonably required:
>
> \*       \*       \*
>
> c) produce for examination at the request of the Company:
>
> (i) all books of accounts, business records, bills, invoices and other vouchers; or
>
> (ii) certified copies if originals are lost,
>
> at such reasonable times and places that may be designated by the Company or its representative and permit extracts and machine copies to be made.

7. The Policy further provides at Section 3. ADDITIONAL COVERAGES, Subpart M. EXPEDITING COSTS, the following:

> This Policy covers the reasonable and necessary costs incurred to pay for the temporary repair of insured damage to insured property and to expedite the permanent repair or replacement of such damaged property.
>
> This Additional Coverage does not cover costs:

6

1) recoverable elsewhere in this Policy; or

2) of permanent repair or replacement of damaged property.

Certain of the amounts claimed by HHMI under the Policy are neither reasonable nor necessary costs for temporary repair or are recoverable elsewhere in the Policy or relate to permanent repair or replacement of the Studio Building.

8. The Policy provides at Section D. LOSS ADJUSTMENT AND SETTLEMENT at Subsection 3. VALUATION the following:

> Adjustment of the physical loss amount under this Policy will be computed as of the date of loss at the location of the loss, and for no more than the interest of the Insured, subject to the following:
>
> \*       \*       \*
>
> L. On all other property, the loss amount will not exceed the lesser of the following:
>
> 1) The cost to repair.
>
> 2) The cost to rebuild or replace on the same site with new materials of like size, kind and quality.
>
> 3) The cost in rebuilding, repairing or replacing on the same or another site, but not to exceed the size and operating capacity that existed on the date of loss.
>
> \*       \*       \*

9. The Policy provides at Section D. paragraph 4. LOSS CONDITIONS at Subpart E. APPRAISAL the following:

> If the Insured and the Company fail to agree on the amount of loss, each will, on the written demand of either, select a competent and disinterested appraiser after:
>
> 1) the Insured has fully complied with all provisions of this Policy, including REQUIREMENTS IN CASE OF LOSS; and
>
> 2) the Company has received a signed and sworn proof of loss from the Insured.

#1208760 v1
106330-59824

> Each will notify the other of the appraiser selected within 20 days of such demand.
>
> The appraisers will first select a competent and disinterested umpire. If the appraisers fail to agree upon an umpire within 30 days then, on the request of the Insured or the Company, the umpire will be selected by a judge of a court of record in the jurisdiction in which the appraisal is pending. The appraisers will then appraise the amount of the loss, stating separately the Actual Cash Value and replacement cost value as of the date of loss and the amount of loss, for each item of physical loss or damage or if, for TIME ELEMENT loss, the amount of loss for each TIME ELEMENT coverage of this Policy.
>
> If the appraisers fail to agree, they will submit their differences to the umpire. An award agreed to in writing by any two will determine the amount of loss.
>
> The Insured and the Company will each:
>
> 1) pay its chosen appraiser; and
>
> 2) bear equally the other expenses of the appraisal and umpire.
>
> A demand for APPRAISAL shall not relieve the Insured of its continuing obligation to comply with the terms and conditions of this Policy, including as provided under REQUIREMENTS IN CASE OF LOSS.
>
> The Company will not be held to have waived any of its rights by any act relating to appraisal.

By letter dated May 15, 2007 (prior to institution of suit), FMIC invoked the above clause and demanded appraisal. As the parties have failed to agree on the amount of loss, the matter should be referred to appraisal.

    10.    The Policy provides at Section D. 4. LOSS CONDITIONS Subpart F. SUIT AGAINST THE COMPANY the following:

> No suit, action or proceeding for the recovery of any claim will be sustained in any court of law or equity unless:
>
> 1) the Insured has fully complied with all the provisions of this Policy;

#1208760 v1
106330-59824

\*          \*          \*

HHMI has not provided to FMIC a valid Sworn Proof of Loss as required by Section D.4. LOSS CONDITIONS Subpart A. REQUIREMENTS IN CASE OF LOSS and has failed to comply with FMIC's demand for Appraisal. As a result, HHMI cannot maintain this action.

11. Venue is not appropriate in the Courts of Delaware.

## COUNTERCLAIM FOR DECLARATORY RELIEF UNDER THE POLICY'S APPRAISAL CLAUSE

FMIC brings this counterclaim for declaratory relief pursuant to the Policy's Appraisal clause and in support thereof avers as follows:

1. The Policy contains an Appraisal clause as set forth in its entirety at Paragraph 9 above.

2. By letter dated May 15, 2007, FMIC demanded appraisal under the terms and conditions of the Appraisal clause of the Policy as the parties had failed to agree on the amount of loss. By letter dated June 4, 2007, FMIC identified its Appraiser as Jonathan Held, Held Associates, Inc.

3. By letter dated June 5, 2007, counsel for HHMI objected to the demand for appraisal and enclosed a courtesy copy of the Complaint. In the same letter HHMI identified its Appraiser as Russ Opferkuch, AON Horizon Consultants.

4. The dispute between FMIC and HHMI over the amounts, if any, still owed by FMIC in connection with repairs to the studio building are pure questions of value and amount of loss and are, therefore, appropriate for disposition through the appraisal process. Contrary to the averments in the Complaint, there are no legal issues or issues of coverage under the Policy that preclude appraisal at this time.

5.  Even if such coverage issues exist, appraisal is still appropriate to resolve the question of the difference in valuation of the repairs to the Studio Building. Any coverage issues can be reserved for disposition thereafter.

WHEREFORE, Factory Mutual Insurance Company seeks a declaration of this Honorable Court that appraisal is appropriate at this time since:

1.  The parties have failed to agree on the amount of the loss;

2.  The dispute between the parties regarding the amount of additional loss, if any, is based on the actual cash value and replacement cost value of the repairs to the Studio Building as of the date of loss and are clearly within the terms of the Appraisal clause of the Policy;

3.  The Complaint filed by HHMI was filed solely to undermine FMIC's demand for appraisal and enforcement of the terms of the Policy;

4.  This matter should be stayed and the parties referred to appraisal to resolve the differences between them with respect to the actual cash value and replacement cost of the repairs to the Studio Building at the time of the loss; and

5.  FMIC prays that it be entitled to such other and further relief as may be just and appropriate.

PHILLIPS, GOLDMAN & SPENCE, P.A.

/s/ Robert S. Goldman
_____
Robert S. Goldman, Esquire (#2508)
Lisa C. McLaughlin, Esquire (#3113)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200

DATE: July 16, 2007

- and -

10

#1208760 v1
106330-59824

Thomas S. Brown, Esquire
GIBBONS P.C.
1700 Two Logan Square
18th and Arch Streets
Philadelphia, PA  19103
(215) 665-0400

Attorneys for Defendant,
Factory Mutual Insurance Company

## **CERTIFICATE OF SERVICE**

I, Robert S. Goldman, attorney for Defendant, hereby certify that on this the 16th day of July, 2007, served Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint upon the following via U.S. Mail, First Class Delivery, postage prepaid:

David J. Baldwin, Esquire
Jennifer C. Wasson, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington, DE 19801

Richard P. Lewis, Esquire
Marshall Gilinsky, Esquire
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY 10020-1182

PHILLIPS, GOLDMAN & SPENCE, P.A.

/s/ Robert S. Goldman
Robert S. Goldman, Esquire #3113
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200

#1208760 v1
106330-59824