IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOWARD HUGHES MEDICAL INSTITUTE,<br><br>Plaintiffs,<br><br>vs.<br><br>FACTORY MUTUAL INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 07-420 |

### DEFENDANT, FACTORY MUTUAL INSURANCE COMPANY'S REPLY TO OPPOSITION TO MOTION TO CHANGE VENUE FORUM NON CONVENIENS

Factory Mutual Insurance Company ("Factory Mutual"), by its attorneys, Phillips, Goldman & Spence, PA hereby files this Reply to Howard Hughes Medical Institute's ("HHMI") Opposition to Factory Mutual's Motion to Change Venue Forum Non Conveniens.

### INTRODUCTION

Besides mischaracterizing the facts of this case, HHMI's opposition to Factory Mutual's Motion to Change Venue demonstrates HHMI's fundamental misunderstanding of the principle of *"forum non conveniens."* By focusing on the underwriting of the policy at issue in this case (the "Policy"), HHMI attempts to screen the Court from the real issues in this case, which involve differences concerning the value of a claim for property damage following a fire, and Factory Mutual's demand for Appraisal to resolve those issues pursuant to the terms of the Policy. An Appraisal proceeding or alternatively, litigation, will involve document production and testimony of witnesses almost exclusively located in Virginia or just over the Virginia border in Maryland. While the facts and circumstances surrounding the underwriting of the Policy may

be relevant to a choice of law motion, they are not relevant here, where *convenience* is the overriding factor for consideration.

## HHMI's MISCHARACTERIZATIONS OF FACT

Unfortunately, HHMI has decided to attack Factory Mutual's credibility, rather than address the real issues involved in this case. As such, Factory Mutual is compelled to point out HHMI's mischaracterizations of fact.

The following are examples of mischaracterizations of fact by HHMI:

- Factory Mutual did not "refuse to honor its obligations under the Policy." In fact, it has paid $3.5 million to repair all damage related to the fire. The only dispute here is over the value of the claim. To resolve that dispute, Factory Mutual sought to invoke the Appraisal provision of the Policy, *as is called for by the Policy*. HHMI, by refusing to submit the matter to Appraisal, is the party "refus[ing] to honor its obligations under the Policy."[1]

- HHMI attempts to camouflage the connections to Virginia by claiming that the policy at issue covers "more than 60 locations in approximately 25 states." However, that fact is irrelevant to the issue here, which is whether Virginia is the more convenient forum *in this specific case*. The only relevant "location" here is the building in Ashburn, Virginia, where the insured property *at issue* is located.[2]

- HHMI tries to mask the fact that nothing relevant to this case occurred in Delaware by saying the matter "derives from and relates to matters in Delaware, Maryland, Pennsylvania, Rhode Island, Virginia, plus the 20 other states where property is covered." However, HHMI fails to give one pertinent fact that occurred in Delaware. The simple fact is that the facts and circumstances surrounding this case have **nothing** to do with Delaware. HHMI later states that "[t]he key facts regarding where this insurance coverage action arose relate to the formation of the contract in Maryland, Pennsylvania, Rhode Island and Virginia." Not only is that statement an admission that key facts did occur in Virginia, but also an admission that **no key facts** occurred in Delaware.[3]

---

[1] HHMI's response to Factory Mutual's demand for Appraisal was to file suit seeking to create issues of coverage under the Policy where none exist.
[2] HHMI's reference to a distinguishable 2nd Circuit motion Factory Mutual filed in another matter is nothing more than a smoke screen, designed to divert the Court from the real issues in this motion.
[3] The key phrase in that quote is "relate to the formation of the contract;" again, HHMI misses the point. Where the contract was formed has little to do with which forum is more convenient, particularly in this case, where the dispute is over the cost to repair/rebuild fire damaged property after loss, and not policy construction.

- HHMI's assertion that Norfolk, Newport News and Richmond are farther from Chevy Chase than Wilmington is a red herring; while it is theoretically possible this matter would be heard in one of those locations, the fact of the matter is that this case will undoubtedly be heard in Alexandria, Virginia. Alexandria is 14 miles from Chevy Chase, 28 miles from Reston, and 36 miles from Ashburn. Presumably, the District Court would not assign a case transferred to it for *forum non conveniens* to a courthouse on the opposite end of the State, when there is a courthouse 14 miles away. Wilmington, which is well over 100 miles away from all the key locations, is much further away from the key locations than Alexandria. In reality, Alexandria is **by far** the more convenient forum for **everybody**.[4] Therefore, it is ridiculous to posit that "there is no allegation that … litigation in Delaware would be financially more burdensome to FM."

- In an apparent attempt to curry favor with the Court, HHMI notes the efficiency of the Delaware District Court. Factory Mutual has every confidence the Delaware District Court would do a fine job of adjudicating this case; it would not have removed it to this Court if it felt otherwise. However, this fact is another red herring, and has little relevance to this case, especially given that the District of Virginia is noted for efficiency as well.

HHMI also accuses Factory Mutual's employee, Deborah Almo, of being "misleading" in her Affidavit. Specifically, HHMI accuses Ms. Almo of (1) asserting that the negotiations surrounding the Policy took place in Reston, Virginia, when in fact they took place in Chevy Chase, Maryland; (2) asserting that the Policy was issued from the Reston office, when in fact it was issued from Rhode Island; (3) asserting that the claims processing was done in Reston, when in fact it was done in Rhode Island. As an initial matter, Factory Mutual notes that HHMI does not aver that any of the actions described above occurred in Delaware. More importantly, Ms. Almo's statements are completely accurate, and it is HHMI that is misstating the facts.

*First*, negotiations surrounding the Policy **did** take place in Reston, Virginia. HHMI attempts to suggest otherwise by arguing first that Ms. Almo had no personal knowledge of the underwriting negotiations, and second that the "only" face-to-face meeting "relating to the procurement of the Policy" took place in Chevy Chase, and not Reston. Both arguments are

---

[4] The case being venued in Virginia would have little effect on the lawyers involved, since either way both Factory Mutual and HHMI will employ local counsel as they are currently doing in Delaware.

fundamentally flawed on multiple levels. As for the first argument, once again HHMI focuses on the underwriting issues rather than what is relevant in this case, a claim based dispute. Ms. Almo has *personal knowledge* of both the underwriting and the claims processes as the HHMI account was managed out of, and the underwriting of the Policy was performed by, the Reston office.

As for the second argument, it assumes that "negotiations surrounding the Policy" refers to the irrelevant underwriting negotiations, rather than the relevant negotiations surrounding the claim under the Policy. The "negotiations" referred to by Ms. Almo were the negotiations surrounding the claim, not the underwriting negotiations, which have little relevance in this matter. Moreover, even if Ms. Almo's statement was misinterpreted to include the negotiations surrounding the underwriting, the statement is *still* accurate as negotiations involving underwriting issues, including those done over the phone rather than in person, would have been handled by the Reston, Virginia office of Factory Mutual.

*Second*, the Policy **was** issued out of the Reston, Virginia office. The cover sheet cited by HHMI in its brief is the same cover sheet that accompanies every Factory Mutual policy. All the work performed in issuing the policy, all the underwriting, was done in Reston, Virginia. Since the work that was actually performed in issuing the policy, rather than the formal company stamp, is what is relevant, it would be putting form over substance for purposes of this Motion in stating that the policy was "issued" from Rhode Island.

*Third*, the claims processing **was** done from Reston, Virginia. HHMI argues that the claims processing was done in Rhode Island because the payment of the claim came from checks written in Rhode Island. Where the checks were written is *irrelevant* in determining where the claim was adjusted and the claim payment request processed. All payments are made through

the home office; so, under HHMI's theory, all claims processing would be done in Rhode Island. If that were the case, the Reston, Virginia office wouldn't be needed, nor would its Operations Vice President and Operations Claims Manager; everything would just be done out of Rhode Island. This argument is further curious since HHMI admitted that Factory Mutual handled the claim out of the Reston office, stating, "FM has handled the claim out of its office in Reston, Virginia." Opposition, page 4. Once again, HHMI seeks form over substance to suit its needs, ignoring the fact that all the substance of the claims work, everything relevant to this case, occurred in Virginia.

Finally, HHMI, apparently believing it knows more about how Factory Mutual runs its business than Factory Mutual does, suggests that Factory Mutual chose the wrong person to write the Affidavit in this matter. HHMI suggests Peter Hardinge, the underwriter on the Policy, rather than Deborah Almo, the Operations Vice President and Operations Claims Manager, should have been chosen. This, in striking fashion, demonstrates HHMI's complete lack of understanding not only of what a motion for change of venue for *forum non conveniens* is all about, but also what **this case** is all about. This case, pure and simple, involves a dispute over the *value of a claim*. As such, the Operations Claims Manager in the Reston, Virginia office, the most relevant office to the issues here, is a much more appropriate witness than the underwriter of the Policy. Moreover, as noted above, Ms. Almo has *personal knowledge* of the entire claims process, which is what is at issue in this case.

## LEGAL ARGUMENT

This court can and should transfer this action to the Eastern District of Virginia because, quite simply, it is a much more convenient location than the District of Delaware.

#1219738 v1
106330-59824

**A.     Factory Mutual Has Met Its Burden Establishing That The Balance Of Interests Weighs Strongly In Favor Of Transfer, Since The Overwhelming Convenience Of All Parties Involved Overrides HHMI's Preference, Especially Since There Is Little, If Any, Tangible Connection To Delaware**

HHMI correctly notes that Factory Mutual has the burden of demonstrating that "the balance of interests strongly weighs in favor of transfer." See Datex-Ohmeda, Inc. v. Hill-Rom Serv. Inc., 185 F. Supp. 2d 407, 412 (D. Del. 2002). However, Factory Mutual has met that burden. The argument here revolves around differences in opinion about the value of a claim, specifically the amount required to effect fire damage repairs to the building at issue and Factory Mutual's right to have that issue resolved at Appraisal. As such, this dispute, whether resolved at Appraisal or in litigation, will involve document production and testimony, including those of third party contractors and subcontractors involved in the repair at issue. These contractors, <u>who are not parties to this matter</u>, all live a short distance from Alexandria, and a long way from Wilmington.[5] Moreover, all of HHMI's witnesses, and most, if not all of Factory Mutual's witnesses, live substantially closer to Alexandria than to Wilmington. The building, which is the central subject of this case, is located 36 miles from Alexandria and over 100 miles from Wilmington. The location of the building is especially significant, given Factory Mutual's Appraisal demand. It is indisputable that Virginia is a more convenient forum than Delaware, and as such, venue should reside in Virginia.

None of the arguments of HHMI are convincing. First, while there is a "home turf" rule in Delaware,[6] favoring the plaintiff's choice of forum, a plaintiff's choice of forum is afforded less deference when the alleged "wrongful activities" occurred elsewhere. See Tuff Torq, 882 F. Supp. at 362 (D. Del. 1994). There is no question the alleged wrongful activities **did not** occur

---

[5] HHMI notes in its brief that one of its brokers involved in procuring the Policy was based out of Virginia.
[6] While HHMI is a "resident" of Delaware, in reality that fact puts form over substance; all its operations, and everything related to this case, took place in Chevy Chase, Maryland.

in Delaware. Further, since HHMI alleges that Factory Mutual underpaid the claim, and the claims adjustment occurred in Virginia and in connection with property located in Virginia, it is likewise clear the alleged wrongful activities occurred in Virginia. As such, the "home turf" rule should be given little deference.

Second, HHMI's contention that "where the claim arose - also favors HHMI" is again misplaced. Opposition, page 9. The fire that caused the claim at issue occurred in Virginia and the claims adjustment which HHMI contends undervalued the claim took place in Virginia; **nothing related to the claim in any way occurred in Delaware.** HHMI does not even suggest as much; rather, it relies exclusively on its incorporation in Delaware. The mere fact that HHMI is incorporated in Delaware does not mean the claim "arose" more in Delaware than in the state where the loss and the claim adjustment at issue occurred.

Third, HHMI's contention that Delaware is more convenient is simply not accurate. First of all, almost all of the facts HHMI focuses on involve the underwriting of the Policy. However, as noted above, the underwriting is largely irrelevant in this case. Moreover, as discussed at length above, this case will not, as HHMI suggests, be sent to Norfolk, Newport News or Richmond. It will be sent to Alexandria, which is substantially closer than Wilmington to the overwhelming majority of the parties and witnesses (most importantly, the third-party witnesses), as discussed above[7]. Finally, the fact that a corporation has substantial assets does not mean it can be inconvenienced at the whim of another corporation with similar assets.

Fourth, as mentioned above, the Delaware District Court's efficiency is irrelevant, particularly given the reputation for efficiency in the Virginia. More relevant to the second and

---

[7] HHMI argues that Factory Mutual's Rhode Island employees are closer to Wilmington than Alexandria. However, it is unclear if any of the Rhode Island employees will be witnesses in this matter, since all of the substantive work was done in Virginia. It is clear, however, that several Factory Mutual employees in the Reston office will be required to testify, should this matter progress further in litigation.

7

third public factor is the fact that the vast majority of the witnesses are significantly closer to Alexandria than Wilmington.

Finally, while Delaware does have an interest in protecting its corporate citizens, Virginia has more of an interest in adjudicating a dispute involving property located in Virginia. Favoring Delaware in this instance is once again favoring form over substance; while HHMI is a Delaware corporation, there is no other local tie to Delaware, as opposed to all the much more tangible local ties to Virginia discussed at length above and in Factory Mutual's original Brief.

## CONCLUSION

The fire which caused the claim at issue occurred in Virginia, the claims adjustment which sparked the cause of action occurred in Virginia, and most, if not all of the potential witnesses in this matter live significantly closer to Virginia than to Delaware; moreover, there is no connection whatsoever to Delaware, other than it is HHMI's state of incorporation. Therefore, Virginia is the more convenient forum, and Factory Mutual respectfully requests that this Court transfer this action to the United States District Court for the Eastern District of Virginia.

DATE: August 17, 2007                    PHILLIPS, GOLDMAN & SPENCE, P.A.

                                         /s/ Robert S. Goldman
                                         _____
                                         Robert S. Goldman, Esquire (#2508)
                                         Lisa C. McLaughlin, Esquire (#3113)
                                         1200 North Broom Street
                                         Wilmington, DE 19806
                                         (302) 655-4200

                                         - and -

8

Thomas S. Brown, Esquire
Andrew B. Smith, Esquire
GIBBONS P.C.
1700 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
(215) 665-0400

Attorneys for Defendant,
Factory Mutual Insurance Company

## CERTIFICATE OF SERVICE

I, Robert S. Goldman, attorney for Defendant, hereby certify that on this the 17th day of August, 2007, served Defendant's Reply to Opposition to Motion to Change Venue Forum Non Conveniens upon the following via U.S. Mail, First Class Delivery, postage prepaid:

David J. Baldwin, Esquire
Jennifer C. Wasson, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington, DE  19801

Richard P. Lewis, Esquire
Marshall Gilinsky, Esquire
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY  10020-1182

PHILLIPS, GOLDMAN & SPENCE, P.A.

/s/ Robert S. Goldman
Robert S. Goldman, Esquire (#2508)
1200 North Broom Street
Wilmington, DE  19806
(302) 655-4200