IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOWARD HUGHES MEDICAL INSTITUTE,<br><br>Plaintiffs,<br><br>vs.<br><br>FACTORY MUTUAL INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 07-420 |

### DEFENDANT, FACTORY MUTUAL INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

Factory Mutual Insurance Company ("Factory Mutual"), by its attorneys, Phillips, Goldman & Spence, PA hereby files this Memorandum of Law in Support of its Motion for Protective Order.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

This case arises out of a policy of insurance issued to Plaintiff, Howard Hughes Medical Institute ("HHMI") by Factory Mutual covering the period of April 1, 2005 to April 1, 2006 (the "Policy"). The Policy provided all risk insurance coverage for, inter alia, the building at issue in this case (the "Building"), located in Ashburn, Virginia.

This dispute arose after the Building was damaged by fire on February 5, 2006. At the time of the fire, the Building was under construction, and approximately 63% complete. After the fire, HHMI and Turner Construction, the general contractor, negotiated a "lump sum" contract to repair those portions of the Building damaged by the fire as well as construct those portions of the Building which had not been constructed at the time of the fire. At this time, all construction at the Building is complete.

There is no dispute in this case that the fire is a covered loss under the terms of the Policy, as Factory Mutual has already paid more than $3.5 million to repair the damages due to the February 5, 2006 fire. However, in the course of the claims process, a dispute arose as to the value of the fire damage repairs. On May 15, 2007, Factory Mutual demanded an appraisal pursuant to the Appraisal Clause of the Policy to resolve that dispute. In response, on June 4, 2007, HHMI filed the current action in the State Court of Delaware. Given the diversity of the parties, on July 3, 2007, Factory Mutual sought, and was granted, removal to the United States District Court for the District of Delaware.

On July 31, 2007, HHMI served discovery requests on Factory Mutual, despite the filing by Factory Mutual of a Motion to Transfer Venue on July 27, 2007. In addition, based on its Counterclaim contained in its Answer to Complaint, Factory Mutual intends to file a Motion to Compel Appraisal under the Policy consistent with its pre-suit demand for appraisal. Given Factory Mutual's belief that appraisal could fully resolve all disputes in this case without litigation, it now seeks to stay discovery until the Motion to Compel Appraisal is decided. Further, given the preference for discovery disputes to be handled in the venue in which the case will be heard, Factory Mutual also requests such stay be in effect until the pending Motion to Transfer Venue is decided as well, if resolution of the venue issue is necessary after the Motion to Compel Appraisal has been decided.

## ARGUMENT

Federal Rule of Civil Procedure 26(c) states:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person

>from annoyance, embarrassment, oppression, or undue burden or expense ... .

This Rule gives the Court broad discretion in directing discovery. See Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). Further, as noted in the Advisory Committee Notes, insertions were made in the Rule "to avoid any possible implication that a protective order does not extend to 'time' as well as to 'place' or may not safeguard against 'undue burden or expense.'" Id. Here, Factory Mutual seeks to stay discovery until its Motions have been heard, as is explicitly allowed under Rule 26(c).[1] Both Rule 26(c) and the case law make it clear that such a stay in this case is in the interests of justice and judicial economy, and pressing forward with discovery at this point in the case would impose "undue burden and expense" on Factory Mutual. See F.R.C.P. 26(c).

The Courts of Delaware have held that "[a]bsent special circumstances, discovery will normally be stayed pending the determination of a motion to dismiss the complaint." Weschler v. Quad-C, Inc., 2000 WL 33173170, *1 (Del. Ch. Sep. 12, 2000). While a motion to compel appraisal is not a motion to dismiss, in this case, if granted, it could have the same effect, in that appraisal could fully resolve the dispute without a continuation of the litigation or court intervention. The Court in Weschler noted that a stay of discovery is appropriate if there is a "'reasonable expectation' of avoiding further litigation." Id. Here, it is Factory Mutual's belief that appraisal could fully resolve this dispute without the need for litigation. As such, having to respond to the extensive discovery sought by Plaintiff at this point would be unduly burdensome and would unnecessarily cause Factory Mutual to incur legal fees and costs.

This is true even given HHMI's contention that appraisal is premature. It is anticipated that HHMI will argue that discovery will be necessary even if the case is sent to appraisal. Factory Mutual disagrees, especially given the discovery requests propounded by HHMI. A

---

[1] Factory Mutual made a "good faith" effort to "resolve the dispute without court action," but was not able to resolve the dispute. F.R.C.P. 26(c).

review of HHMI's interrogatories reveals that they fall principally into three categories: (1) those requesting information relating to the drafting, underwriting or selling of insurance policies by Factory Mutual, including the one at issue; (2) those seeking underwriting and/or claims manuals, Factory Mutual's valuation of HHMI's claim, and its investigation of the claim; and (3) those relating to the portions of the Policy which support Factory Mutual's position. Similarly, the request for production of documents propounded by HHMI seek claims and/or underwriting materials and manuals as well as documents upon which Factory Mutual relied in formulating its coverage position. As such, the propounded discovery is irrelevant to the issue to be resolved at appraisal, namely, the value of the cost to repair the fire damaged building. Although it will obviously be necessary for the parties to exchange documents in support of their respective positions on that issue, that exchange will take place within the context of the appraisal in the normal course. Further, to the extent that the vast majority of those documents have already been exchanged by the parties in the course of the adjustment of the claim, further production will be unnecessary.

In addition, the discovery sought is not necessary to resolve the issues which will be raised in Factory Mutual's Motion to Compel Appraisal. The basis for Factory Mutual's Motion will be its contention that this dispute is solely about differences in value of the claim at issue, and as such the Policy requires appraisal to resolve this dispute. Resolution of the Motion to Compel Appraisal will therefore revolve around the Court's interpretation of the Appraisal provision of the Policy, and any case law applicable thereto. As stated previously, none of the information requested in HHMI's discovery requests are relevant to that issue.

Finally, it is unclear which Court will ultimately have jurisdiction over this case. Factory Mutual's Motion to Transfer Venue has not been heard. Regardless of which party ultimately

prevails, starting the discovery process before it is known where the case will be heard is premature. See Egervary v. Young, 366 F.3d 238, 243 (3d Cir. 2004) (describing the District Court's decision to stay discovery pending determination of venue). Additionally, the Motion to Transfer Venue will only need to be heard if the Motion to Compel Appraisal is denied, or if appraisal does not resolve all the issues in this case. As such, if it is heard, it will either be heard within a few weeks or immediately after litigation resumes post appraisal. In other words, HHMI won't be prejudiced by any delay.

## CONCLUSION

At this point in the litigation, justice and judicial economy require a stay of discovery pending the outcome of Factory Mutual's Motions. Forcing Factory Mutual to go forward with discovery at this point would be to put an "undue burden" on Factory Mutual and cause it to incur unnecessary expense, especially in light of the nature of the discovery being sought. See F.R.C.P. 26(c). As such, Factory Mutual respectfully requests the Motion for a Stay of Discovery pending resolution of Factory Mutual's Motion to Compel Appraisal and/or Motion to Transfer Venue be granted.

DATE: August 30, 2007          PHILLIPS, GOLDMAN & SPENCE, P.A.

By: /s/ Robert S. Goldman
Robert S. Goldman, Esquire (#2508)
Lisa C. McLaughlin, Esquire (#3113)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200

- and -

Thomas S. Brown, Esquire
Andrew B. Smith, Esquire
GIBBONS P.C.
1700 Two Logan Square
18th and Arch Streets
Philadelphia, PA  19103
(215) 665-0400

Attorneys for Defendant,
Factory Mutual Insurance Company